Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10245 | **DATE** | 1/3/2013 |
| **CASE TITLE** | Georgakis v. Cedeno et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis [4] is denied. Further, Plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff's motion for appointment of counsel [5] is denied. Case terminated.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff Michael Georgakis has filed at least five previous lawsuits against chemistry professors at Illinois universities.[1] Each of the previous five lawsuits has been dismissed *sua sponte* upon Georgakis's filing of an application for leave to proceed *in forma pauperis*. In this lawsuit, Georgakis targets nine members of the chemistry faculty at Illinois State University. Like his previous complaints, however, this complaint fails to state a claim upon which relief may be granted, and therefore it must be dismissed without prejudice under 28 U.S.C. § 1915.

    The gist of Georgakis's complaint appears to be that chemistry professors publish data and results from experiments done by their students under their own names, giving their students credit as co-authors.[2] According to Georgakis, the professors falsely take credit as the "author"

---

[1] 
| Case No. | Case Name | Judge |
|---|---|---|
| 12 C 1733 | Georgakis v. All Chemistry Professors, Univ. of Ill.-Chicago | Kennelly |
| 12 C 1734 | Georgakis v. All Chemistry Professors, Univ. of Ill.-Urbana | Leinenweber |
| 12 C 1749 | Georgakis v. All Chemistry Professors, Loyola University | Conlon |
| 12 C 1751 | Georgakis v. All Chemistry Professors, Northwestern University | Nordberg |
| 12 C 1794 | Georgakis v. All Chemistry Professors, University of Chicago | Nordberg |

[2] Georgakis's allegations here are similar to those of his previous complaints. In fact, at least some of the pages of the instant complaint appear to be photocopies of pages used in previous complaints. Georgakis made two notable changes in this complaint, however. First, unlike in his previous complaints, Georgakis does not complain that a former professor improperly used his work. Second, Georgakis properly named individual defendants here, rather than generically naming all of the chemistry professors at Illinois State University. As will be seen below, however, these changes do not save his complaint.

of the work despite the fact that students actually create the data. The professors then use their publications to obtain research grants—including funding from the government. He alleges that the students who actually authored the works do not share in the grants, and furthermore that the students do not receive profits that result from commercial applications of laboratory research.

Georgakis does not allege that he has personally been harmed by any of these particular defendants' actions. Rather, he styles his complaint as a *qui tam* action under the Copyright Act, False Claims Act, and the RICO statute.

Georgakis's complaint fails in the first instance because he lacks standing to raise any of his claims. Though Georgakis purports to bring a *qui tam* action on behalf of the government, *qui tam* actions are only permitted where specifically authorized by statute. *See, e.g., Rifkin v. Bear Stearns & Co., Inc.*, 248 F.3d 628, 634 (7th Cir. 2001) (rejecting *qui tam* claim under the Advisers Act, which is not a *qui tam* statute). Georgakis does not cite to, and the Court is not aware of, any statutory authority allowing him to bring *qui tam* claims under the Copyright Act or the RICO statute. The False Claims Act, on the other hand, does explicitly authorize *qui tam* actions, but Georgakis, as a *pro se* litigant, is not allowed to prosecute the claim. "[A] pro se relator cannot prosecute a qui tam action, because he is acting as an attorney for the government." *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004) (abrogated on other grounds by *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009)). Because Georgakis cannot bring any *qui tam* action, and because he has not alleged that he personally has suffered any harm, he lacks standing to bring this lawsuit.

Furthermore, even if he had standing to pursue these claims, Georgakis has not alleged specific facts that would allow the Court to determine whether the defendants have violated the statutes in question. He does not identify any particular research that is protected under the Copyright Act. He fails to sufficiently link the defendants' articles to any subsequent grant applications in order to meet the required heightened pleading standards for fraud applicable to the False Claims Act under Rule 9(b). And he fails to identify any specific racketeering activity in order to state a claim under the civil RICO statute. 18 U.S.C. § 1962(c).

For these reasons, the Court denies leave to proceed *in forma pauperis*, denies the motion for appointment of counsel, and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2) on the ground that it is frivolous and fails to state a claim upon which relief may be granted.

*[signature: John J. Tharp Jr.]*

| | Courtroom Deputy Initials: | AIR |
|---|---|---|