# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10245 | **DATE** | 3/25/2013 |
| **CASE TITLE** | Michael Georgakis vs. Illinois State University | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed on appeal in forma pauperis (transferred from the Seventh Circuit Court of Appeals) [18] is denied. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals. Plaintiff's motion for an extension of time (to extend the appointment with the Pro Se Help Desk) [17] is denied as moot.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Michael Georgakis brought this pro se action against Illinois State University. On January 3, 2013, the Court dismissed the matter with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. On February 16, 2013, Plaintiff filed a notice of appeal. On March 5, 2013, the Seventh Circuit Court of Appeals transferred Plaintiff's motion for leave to appeal *in forma pauperis*, improperly filed with the Seventh Circuit Court of Appeals, to this court.

Plaintiff had until February 4, 2013, to file his notice of appeal of the Court's January 3, 2013, order. *See* Fed. R. App. P. 4(a)(1)(A). Plaintiff failed to do so. Federal Rule of Appellate Procedure 4(a)(5)(A) provides that the district court may extend the time for a party to file a notice of appeal if the "party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." The time periods set forth in Federal Rules of Appellate Procedure 4 are jurisdictional and the district court lacks authority to extend the time to appeal if the party fails to comply with Rule 4. *See Bowles v. Russell*, 551 U.S. 205, 209-210 (2007); *Wells v. Ryker*, 591 F.3d 562, 564 (7th Cir. 2010)). Plaintiff did not move for an extension of time to file his notice of appeal nor has he attempted to show excusable neglect or good cause as to why his notice of appeal was filed late. Therefore, this court lacks jurisdiction over Plaintiff's appeal. In light of the lack of jurisdiction over the appeal, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken.

The Seventh Circuit Court of Appeals has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis but rather must pay the appellate fees in full for the appeal to go forward. Consequently, Plaintiff must pay the full $455 within 14 days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). If Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order. *See* Fed. R. App. P. 24(a).

In sum, Plaintiff's motion for leave to appeal *in forma pauperis* is denied. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. If Plaintiff fails to comply with this

| STATEMENT |
|---|
| order, the Court of Appeals may dismiss his appeal for want of prosecution. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits in forma pauperis. *Thurman v. Gramley*, 97 F.3d 185, 188 (7th Cir. 1996). The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.<br><br>      Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action and the docket number assigned to the appeal, which is No. 13-1367. |